### FLOYD COUNTY *v.* FOSTER, administrator.

Under the fifth section of the act approved September 27, 1883, establishing the city court of Floyd county, the sheriff of that county is entitled to collect from the county, for attendance upon that court, five dollars per day for twenty days in each year, provided the court sits and he is in attendance for that many days.

Argued October 4, — Decided October 31, 1900.

Complaint — appeal. Before Judge Henry. Floyd superior court. March term, 1900.

*Neel & Neel*, for plaintiff in error.
*M. B. Eubanks*, contra.

SIMMONS, C. J. In this case the contest is between the County of Floyd and the sheriff of that county, as to whether the sheriff is entitled to five dollars per day, for twenty days in each year, for services performed in the superior court of the county, and also to a like amount for similar services in the city court. The sheriff contends that he is entitled to the above per diem for twenty days in the superior court and also for twenty days in the city court. The county maintains that he is entitled to but the five dollars per day, for twenty days in each year, for attendance upon the superior court, and to no compensation whatever for his attendance upon the city court. The trial judge ruled that the sheriff was entitled to receive from the county five dollars per day for twenty days in each court, — that is, twenty days in the superior court and twenty days in the city court, — where each of them was held for not less than twenty days in the year and the sheriff was in attendance. The county excepted.

The act of 1881, now section 5401 of the Civil Code, provided that "The sheriffs of this State shall be entitled to charge and collect the following fees for official duties performed by them, to wit: . . For attendance on superior courts, not to exceed twenty days per annum, per day $5.00. . . The per diem for attendance on courts . . . shall be paid by the county." The title of the act and the enacting clause purport to prescribe the "fees" of sheriffs in this State, and among such fees is this five dollars per day for not exceeding twenty days per annum. Thus it appears that the legislature intended to make the per diem of the sheriff a part of the fees of his office. The act of 1883 (Acts 1882–3, p. 535), establishing the city court of Floyd county, provides in the fifth section that the sheriff of the county and his deputies shall be ex-officio officers of the city court, that they shall perform in that court all the duties required of them in the superior court, that they "shall receive for their services the same fees as they are entitled to receive for similar services in the superior court," and that they shall be entitled to employ the same remedies for the collec-

tion of their fees and costs in the city court as in the superior court. At the time of the passage of this act of 1883, establishing the city court, the act of 1881, prescribing and regulating the fees of sheriffs, was in force. The legislature, in prescribing the duties and emoluments of the sheriff for services in this city court, fixing his duties in that court, and in prescribing his compensation therefor, provided that his fees should be the same as his fees in the superior court. Inasmuch as the per diem for attendance was classed as a part of his "fees" in the superior court, and so denominated both in the act of 1881 and in the code, the legislature must necessarily have intended, in giving him the same "fees," to give him a per diem like that which he received for attendance upon the superior court. The sheriff is, therefore, under the act of 1883, entitled to five dollars per diem, for not more than twenty days per annum, for attendance on the city court. In the present case the court had been in session, and the sheriff in attendance upon it, for not less than twenty days during the year; and the trial judge correctly ruled that the sheriff was entitled to his full per diem for his services, independently of what services he may during the same year have rendered in the superior court and of the compensation he received therefor.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*